### Everett C. CARLSON

v.

### STATE of Maine et al.

Supreme Judicial Court of Maine.

Feb. 19, 1970.

———◆———

Domenic P. Cuccinello, Thomaston, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, DUFRESNE, WEATHER-BEE and POMEROY, JJ.

PER CURIAM.

This is an appeal from the denial of a Petition for Writ of Habeas Corpus (post-conviction).

The Petition is based on the claim that the Petitioner was not afforded a fair and impartial hearing by the Parole Board on an alleged violation of parole and that he was not permitted to have his counsel present at his conference with the Parole Board.

The precise issue here before us was decided by this Court in Mottram v. State, (Me.) 232 A.2d 809. In that case, this Court said:

*"The Act contemplates speedy determination of parole violations as it directs that the board shall hold a hearing thereon at its next meeting at the institution to which the parolee was returned upon his arrest and from which he was paroled, no mention being made of continuances to be granted to the parolee for preparation of his defense. No appeal has been provided from the Board's determination of violation of parole. The absence of these accessorial provisions usually associated with a*

*judicial hearing support our view and those of the Justice below to the effect that Mottram was provided with the type of hearing which our statute, 34 M.R.S.A. § 1675, requires when he was granted the privilege to appear and address the Board in excuse or exculpation of the charges made against him respecting violation of his parole. The law contemplates that the Board shall be guided by the information which has become available to it through its own investigation procedures and is not to be circumscribed by evidence to be produced at a judicial hearing. Revocation of parole is an administrative function under our law rather than a quasi court procedure."*

The Petitioner urges us to overrule *Mottram*. No cogent reason has been shown why we should do so.

The Justice who presided at the hearing on the Habeas Corpus Petition very properly found the Petitioner elected to waive his opportunity to address the Board in exculpation or excuse.

The entry must be

Appeal denied.

MARDEN, J., did not sit.